**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re Rae Jean Morin & James D. Morin, Jr.<br><br>Debtors | Case No. 16-20271<br><br>Chapter 13 |

# ORDER GRANTING IN PART THE FIRST AND FINAL FEE APPLICATION OF JEFFREY P. WHITE, ESQ.

On November 17, 2016, the Court issued an order dismissing this chapter 13 case, and also retaining jurisdiction over any funds held by the trustee for the purpose of acting upon a fee application filed within fourteen days of the dismissal. [Dkt. No. 32.] Eleven days later, Jeffrey P. White filed a First and Final Application for Compensation of Legal Services [Dkt. No. 35] ("Fee Application"). Notice of the hearing to consider the Fee Application was provided in accordance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. In the absence of timely objections to the Fee Application, the Court has reviewed the Fee Application and the docket in this chapter 13 case.

Based upon this review, and in light of the factors set forth in 11 U.S.C. § 330(a)(3) and (a)(4), the Court grants the Fee Application but awards compensation less than that requested in the Fee Application. *See* 11 U.S.C. § 330(a)(2). In particular, the Court disallows compensation for the following services as shown on the billing detail supporting the Fee Application.

- Compensation for the 0.1 hours billed on May 12, 2016 for the filing of a plan is disallowed under 11 U.S.C. § 330(a)(3)(B) and (a)(4)(A)(ii)(II). Although the filing

of a plan was necessary to the administration of the case, the task could have been accomplished by a reasonably experienced legal assistant. The Court will therefore disallow the request for compensation of $30.00 for 0.1 hours spent by the debtor's counsel on the foregoing task at the rate of $300.00 per hour.

- Compensation for the 0.2 hours billed on May 19, 2016 for reviewing the trustee's motion to file tax returns and drafting a letter to the debtor regarding the need to file tax returns is disallowed under 11 U.S.C. § 330(a)(4)(A)(i). Counsel billed 0.1 hours for the same task on May 13, 2016. The Court will not allow compensation for unnecessary duplication of services.

- Compensation for the 0.1 hours billed on May 25, 2016 for reviewing an appearance by Americredit is disallowed under 11 U.S.C. § 330(a)(3)(C) and (a)(3)(D). Although billing in minimum increments of 0.1 hours is permitted under the Local Rules, counsel should not bill the client every time that he momentarily considers a case. Here, a review of the request for notice could not have taken more than twenty seconds, at most, and counsel was not required to analyze the request. The task description ("Review appearance by Americredit") does not reveal any sort of follow-up work. Sometimes, counsel will perform important and valuable services in less than six minutes. In those cases, counsel should record 0.1 and bill the client accordingly. But billing is an art, not a science, and there will be instances where counsel should refrain from recording a 0.1 for a task that took only a matter of seconds to complete, particularly where there was no exercise of legal judgment or analytical skill employed. While 0.1 is only 0.1, these time entries add up over the course of the case and they can contribute to an unreasonable or excessive fee for services that, in the aggregate, were necessary and beneficial.

- Compensation for the 0.5 hours billed on July 18, 2016 for drafting a notice of hearing and a proposed order on confirmation is reduced under 11 U.S.C. § 330(a)(3)(D). The notice of hearing and the proposed order on confirmation are both standardized documents in this District. The Court will award compensation for only 0.2 hours spent completing this task, in light of its relatively uncomplicated nature.

- Compensation for the 0.1 hours billed on September 29, 2016 for reviewing a minute order from a hearing conducted on that date is also disallowed under 11 U.S.C. §

330(a)(3)(C) and (a)(3)(D).  Again, this task could not have taken more than a matter of seconds to complete.  The entire minute entry reads as follows:

> Minute Entry re: (related document(s): 6 Chapter 13 Plan filed by James D. Morin, Rae Jean Morin) Appearances : Kevin J. Crosman, Peter C. Fessenden, Jeffrey P. White. Continued hearing scheduled for 10/13/2016 at 10:00 AM at Bankruptcy Courtroom, Room 30600, Bangor. (LJS) (Entered: 09/29/2016)

- Compensation for the 0.2 hours billed on November 28, 2016 for conferencing with the debtor, the taxing authority, and the trustee "re continuing confirmation" is disallowed under 11 U.S.C. § 330(a)(3)(C) and (a)(4)(ii).  Discussions regarding "continuing confirmation" *after* the dismissal of the case on November 17, 2016, cannot have been either necessary to the administration of or beneficial toward the completion of the case.

Counsel's total bill for his fees of $3,600.00, based upon 12 attorney hours expended at the rate of $300.00 per hour, is accordingly reduced by 1 hour, or $300.00.  Jeffrey P. White, Esq., is awarded $3,450.00 as reasonable compensation for actual, necessary services rendered between February 29, 2016 and November 28, 2016, and $310.00 as reimbursement for actual, necessary expenses, for a total award of $3,760.00.

This award is made under 11 U.S.C. § 330(a)(4)(B).

Date: January 3, 2017

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine